## Krafchik et ux. v. Tornetta et ux.

*Milton Jacobson*, for plaintiffs.
*Smillie, Bean & Scirica*, for defendants.

KNIGHT, P. J., January 23, 1951.—To understand this case, some of its legal background must be stated. As of November term, 1948, no. 446, plaintiffs brought an action of trespass against Joseph F. Tornetta and Mary Tornetta, his wife; William F. Winterbottom and Agnes A. Winterbottom, his wife, and Will D. Hiltner. Will D. Hiltner filed preliminary objections, which were sustained, and judgment in favor of Mr. Hiltner was entered by the court. This case was appealed to the Supreme Court, and is now pending in that court.

On July 12, 1949, a suggestion of the death of William I. Winterbottom was filed, and Agnes A. Winterbottom, the administratrix of his estate, was sub-

stituted as a defendant. Agnes A. Winterbottom, individually, and as administratrix, filed an answer to the complaint.

Joseph F. Tornetta and Mary Tornetta, his wife, filed preliminary objections to the complaint. These preliminary objections were dismissed and overruled on July 21, 1950.

On July 3, 1950, plaintiffs filed this action in assumpsit against Joseph F. Tornetta and Mary Tornetta, his wife. To the complaint filed in this action, defendants filed preliminary objections.

The facts alleged in this action, and in the aforementioned trespass action, are substantially the same. Briefly stated, they are as follows: According to the allegations in the complaint, plaintiff Joseph Krafchik negotiated with defendant Joseph Tornetta for the purchase of lots known as numbers 36 and 37 Harding Boulevard, Norristown, Pa. Plaintiff refused to purchase until a survey had been made and boundary stakes were placed in the ground.

A survey was ordered by defendant: boundary stakes were knocked into the ground by the surveyor. Through an error of the surveyor's employes the stakes did not actually embrace lots 36 and 37 but covered parts of 33, 34, 35 and 36. Defendant Tornetta pointed out the boundary stakes in the ground to the plaintiff, and told him that the stakes marked the boundary lines of lots numbers 36 and 37.

On July 19, 1944, relying upon the boundary lines shown him by defendant, plaintiff entered into an agreement of sale for the purchase of the lots.

On July 31, 1944, a deed was delivered to plaintiffs, with a description which properly covered lots 36 and 37, and which description varied substantially and materially from the boundary lines set out on the ground and marked by the stakes. This description in

the deed was the correct and proper description of the location of the lots 36 and 37.

Plaintiff cleared the area within the stakes, graded it, erected a retaining wall, had stone delivered, and prepared to build, before he learned that he did not have title to the area within the stakes. As a result of expenditures for these improvements, he claims to have suffered damages of $3,172.

The first and third preliminary objections may be considered together. In substance, they contend that any oral agreement, understanding, or representation, made by defendants, was made before the written agreement and the deed were executed and delivered, and, therefore, merged into the written instruments, and oral evidence would not be admissible to alter or change the terms of the writings.

This same objection was made by defendants to the complaint filed in the trespass case.

In overruling the objection in the trespass case, we said:

"As we see it, there has been no breach or violation of the written agreement of sale. The purchasers got exactly what they bargained for, a deed conveying to them title to lots 36 and 37. The alleged negligence of Hiltner had nothing to do with the title to these lots, the purchase money paid, or the quantity of land involved. In our opinion, the liability, if any, of Tornetta and his wife, does not flow from the written agreement of sale but from a separate and independent source, namely, the alleged negligence of their agent, Mr. Hiltner, and for this cause of action a suit in trespass would lie."

This present suit is an action in assumpsit based on a contract, and the only contract that plaintiffs had with defendant was the agreement in writing to sell them lots 36 and 37, and this agreement in writing was fully executed by delivery of the deed.

A vendor will be held to warranties he extends in order to induce a sale. He is liable to the vendee for representations upon which the vendee relies in entering into the agreement, even though the warranties are not made with fraudulent intent: McCall v. Davis, 56 Pa. 431 (1867); Merritz v. Circelli et ux., 361 Pa. 239 (1949).

If, however, we treat the alleged representation of defendant as a warranty, it could only be a warranty that the land marked by the stakes was the land comprised in lots 36 and 37 sold to plaintiffs. As the land marked by the stakes differed materially from the land described in the agreement and deed, it would require oral evidence to change the terms of the written contract. This could not be permitted for two reasons: (1) Generally, all preliminary negotiations, conversations, and verbal agreements have been merged into the writing, and parol evidence to contradict or vary its terms is therefore inadmissible: Henry, Pennsylvania Trial Evidence (3rd ed.), §374; (2) in the second place, this is not a proceeding to reform the agreement and deed on the ground of fraud, accident, or mistake. No fraud is alleged and, so far as the agreement and deed are concerned, no allegation of mistake is made; the parties negotiated for lots 36 and 37, and that is exactly what they received.

The cases cited by plaintiffs are all cases in which a written agreement was stricken down because of fraud. Here there is no attempt to strike down the written agreement, nor is fraud alleged.

We are, therefore, of the opinion that the first and third preliminary objections must be sustained. Sustaining these objections will not, in our opinion, affect the rights of the parties in the trespass case beforementioned and now pending.

And now, January 23, 1951, the first and third preliminary objections are sustained, and it is directed that judgment be entered for defendants.